IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HERON GUZMAN SANCHEZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | No. 1:26-CV-00379-DAE |
| | § | |
| BONDI, *et al.*, | § | |
| | § | |
| *Respondents*. | § | |
| | § | |

## ORDER

Before the Court is Petitioner Heron Guzman Sanchez ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. # 1.) Petitioner invokes 28 U.S.C. § 2243 and asks the Court to grant the Petition "forthwith." (Id. at 10–11.)

> Under 28 U.S.C. § 2243, a court:

> entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceed twenty days, is allowed." 28 U.S.C. § 2243. Petitioner has alleged that he is entitled to a writ because he is being wrongfully detained without bond under the interpretation

1

of the Immigration and Nationality Act's ("INA") mandatory and discretionary

detention provisions that was adopted by the Board of Immigration Appeals

("BIA") in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025). (Dkt. # 1 at

4–5, 23); see 28 U.S.C. §§ 1225–1226. He also alleges such detention violates his

due process rights under the Fifth Amendment, the Administrative Procedure Act,

and the judgment in Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-

BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025). (Dkt. # 1 at 21–28.) The

Court will therefore order Respondents Pamela Bondi, U.S. Attorney General;

Department of Homeland Security ("DHS"); Kristi Noem, Secretary of the U.S.

Department of Homeland Security; Todd Lyons, Acting Director, Immigration and

Customs Enforcement ("ICE"); Sylvester Ortega, Director of Enforcement and

Removal Operations, Director of Detention and Removal, Field Office, U.S.

Immigrations and Customs Enforcement; and Charlotte Collins, Warden of the T.

Don Hutto Detention Center (collectively, "Respondents") to show cause within

the next three days as to why Petitioner's writ should not be granted in accordance

with § 2243.

**IT IS ORDERED** that the referral of this case to the United States

Magistrate Judge Dustin M. Howell, (Dkt. # 2), is **VACATED** and that this matter

be returned to the docket of the District Court Judge David Alan Ezra.

**IT IS FURTHER ORDERED** that The Clerk of Court shall furnish the Office of the United States Attorney in San Antonio, Texas with copies of the Petition for Writ of Habeas Corpus, (Dkt. # 1), and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process on the Federal Government Respondents.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center with copies of the Petition for Writ of Habeas Corpus, (Dkt. # 1), and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**IT IS FURTHER ORDERED** that Respondents show cause in writing **on or before February 24, 2026**, as to why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus.  28 U.S.C. § 2243.  Respondents are further **ORDERED** to address in their response Petitioner's allegations regarding his access to medication and adequate health care while in detention.

Should Petitioner wish to file a reply, such a reply is due **on or before March 3, 2026.**  At this time, the Court will not plan to set a hearing on this matter, but, **on or before February 24, 2026,** either party may request a hearing to be scheduled after briefing is complete.  Failure to request a hearing will constitute

waiver of the opportunity for a hearing under § 2243.  The Court is amenable to ruling on the papers if the parties waive a hearing.

**IT IS FINALLY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas, until the Court orders otherwise or this case is closed.  See United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); cf. Brownback v. King, 592 U.S. 209, 218-19 (2021).  This is not to be construed as a temporary restraining order but rather an exercise of the Court's inherent power to preserve its ability to hear the case.  See Santiago v. Noem, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).[1]

---

[1] In issuing this order, the Court acknowledges a recent, unpublished opinion issued by the Fifth Circuit, Imran v. Harper, No. 25-30370, 2026 WL 93131 (5th Cir. Jan. 13, 2026).  In that case, the Fifth Circuit held that the district court lacked jurisdiction to grant the petitioner's request for a stay of removal, finding that the petitioner's request was a challenge to a removal order and was thereby barred by 8 U.S.C. § 1252(g).  Id. at *1.  However, in Imran, the petitioner was subject to a removal order and sought relief from that pending order.  Imran v. Harper, No. 1:25-cv-00841-DDD-JPM, Dkt. # 1 at 5, 8, 14 (W.D. La. June 16, 2025).  Here, on the other hand, Petitioner is not subject to a removal order and is instead challenging the lawfulness of his detention during ongoing removal proceedings. (Dkt. # 1 at 7.)  Accordingly, by ordering Respondents not to remove Petitioner from the United States or transfer Petitioner out of the Division during the pendency of this litigation, the Court is not preventing the execution of a removal

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, February 20, 2026.

 

 

 

_____
David Alan Ezra
Senior United States District Judge

---

order but rather preserving its ability to hear the case in the near term, which it is permitted to do.  See United Mine Workers, 330 U.S. at 293; United States v. Shipp, 203 U.S. 563, 573 (1906); see also Jennings v. Rodriguez, 583 U.S. 281, 294 (2018) (explaining § 1252(g) bars the court's jurisdiction only with respect to the three discrete actions mentioned in the statute); Cardoso v. Reno, 216 F.3d 512, 516–17 (5th Cir. 2000) (noting that § 1252(g) does not prohibit courts from reviewing a noncitizen detention order).